# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INSTRUMENTATION LABORATORY CO., <br><br>                                    Plaintiff, <br><br>   vs. <br><br> WALTER BINDER (INDIVIDUALLY AND AS TRUSTEE OF THE 1998 BINDER FAMILY LIVING TRUST DATED JUNE 1, 1998) *et al.*, <br><br>                                    Defendants. | Case No. 11cv965 DMS (RBB) <br><br> **ORDER DENYING DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL** |

In this breach of contract and indemnification action, the parties filed cross-motions for summary judgment. Defendants also filed a motion requesting to file under seal portions of their memorandum of points and authorities and well over 150 pages of exhibits. Plaintiff has not responded. For the reasons which follow, Defendants' motion to seal is **DENIED**.

Sealing court records implicates the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). The lack of opposition to a motion to seal therefore does not automatically resolve it. *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1128, 1130 & *passim* (9th Cir. 2003). A party requesting to seal judicial records attached to a dispositive motion "must show that 'compelling reasons supported by specific factual findings'" outweigh the strong presumption of access to judicial records, which favors disclosure. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678

1 (9th Cir. 2010), *quoting Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *see also Kamakana*, 447 F.3d at 1179-80.

Defendants request to seal the documents in order to comply with a stipulated protective order filed December 16, 2011, which sought to protect certain commercial information the parties may wish to keep confidential for competitive reasons. The mere fact that a document is designated as confidential pursuant to a protective order is of little weight when it comes to sealing documents which are filed with the court. *See San Jose Mercury News, Inc. v. U.S. Dist. Ct. (Saldivar)*, 187 F.3d 1096, 1103 (9th Cir. 1999); *Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 475-76 (9th Cir. 1992); *Confederated Tribes of Siletz Indians of Or. v. Weyerhaeuser Co.*, 340 F. Supp. 2d 1118, 1121 (D. Or. 2003). By nature, protective orders are overinclusive. *See Beckman*, 966 F.2d at 476. Typically, prior to signing a protective order, the judge does not have the opportunity to analyze whether any particular document should be sealed. *See San Jose Mercury News*, 187 F.3d at 1103; *Foltz*, 331 F.3d at 1133 ("party seeking the protection of the court via a blanket protective order typically does not make a 'good cause' showing required by Rule 26(c) with respect to any particular document."). Whether a document designated as confidential pursuant to a protective order should be sealed must therefore usually be determined *de novo*. *See Weyerhaeuser*, 340 F. Supp. 2d at 1121. Defendants' reliance on the protective order therefore fails to meet the compelling reasons standard.

Defendants' motion to seal is therefore **DENIED**. The documents which were lodged under seal will not be considered. If Defendants wish the Court to consider those documents, un-redacted copies must be filed no later than July 13, 2012.

**IT IS SO ORDERED.**

DATED: July 2, 2012

HON. DANA M. SABRAW
United States District Judge